UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TAYLOR,

    Movant,

v.

File No. 1:13-cv-1085

HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                            /

## **OPINION**

Pending before this Court is Movant James Taylor's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt. No. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge must dismiss the motion. Because upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief, the government was not ordered to file a response to this motion. For the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I.

On May 25, 2011, Movant was charged with conspiracy to defraud the United States, Supplemental Nutrition Assistance Program fraud, drug distribution, and being a felon in possession of a firearm.[1] Movant pleaded guilty to these charges and was sentenced to a total of 188 months. Movant's sentence was enhanced by this Court's determination that he qualified as an "armed career

---

[1] For a detailed explanation of the factual background of Movant's criminal conduct, *see United States v. Taylor*, 696 F.3d 628, 630 (6th Cir. 2012).

criminal" because of three prior convictions for "violent felon[ies] or . . . serious drug offense[s]." 18 U.S.C. § 924(e)(1).

Movant timely appealed his sentence. On appeal, Movant conceded that two of his prior convictions were properly counted under § 924, but argued that his conviction under Michigan's attempted larceny statute did not qualify. Movant argued, *inter alia*, that attempted larceny was not a violent felony per se, because it could be committed without any risk of confrontation leading to violence. The Sixth Circuit rejected his argument and affirmed his sentence.

Movant now argues that he is entitled to relief under § 2255 on two grounds:

> The use of the Michigan State law classifying larceny from a person as a violent felony without any inquiry into the facts and circumstances surrounding the offense . . . tends to violate the constitutional guarrantee [sic] of due process,

(Mot., Dkt. No. 1 at 4); and

> [M]ovant's constitutional right to due process was violated in that the government was obliged to meet the burden of proving the underlying predicate offense of larceny from a person qualified as a violent felony.

(*Id.* at 5). For the reasons that follow, Movant's argument lacks merit, and his motion under § 2255 is properly denied. The Court also holds that a certificate of appealability will not issue.

## II.

"A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Movant has pointed to no exceptional circumstances nor a change in law that would allow him to relitigate his claim that Michigan's attempted larceny statute should not be counted as a violent felony under 18 U.S.C. § 924(e)(1). Movant's § 2255 motion is therefore properly denied.

2

**III.**

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901–03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

**IV.**

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

Dated: January 29, 2014          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE